**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **VIRGIL SEARCH**, | : |
| Plaintiff, | : CASE NO. 2:21-cv-1528 |
| v. | : JUDGE |
| **WARE FUNERAL HOME, LLC**, | : MAGISTRATE JUDGE |
| c/o JUSTIN L. LONG | : |
| 121 West Second Street | : **JURY DEMAND ENDORSED** |
| Chillicothe, OH 45601 | : **HEREON** |
| Defendant. | : |

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff Virgil Search ("Plaintiff") brings this action to recover unpaid overtime wages and other damages from Defendant Ware Funeral Home, LLC ("Defendant") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.; pursuant to Ohio's Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03, and 4111.10; and pursuant to the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts").

Plaintiff regularly worked for Defendant in excess of forty (40) hours each workweek. However, Plaintiff did not receive overtime compensation for hours worked in excess of forty (40) hours in a single workweek. Instead of paying overtime as required by the FLSA and the Ohio Acts, Defendant paid Plaintiff a salary with no overtime compensation. This action seeks to recover the unpaid overtime wages and other damages owed to Plaintiff.

The following allegations are based on personal knowledge as to Plaintiff's own conduct.

**I.    JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. This Court has personal jurisdiction over Defendant because the cause of action arose within this District as a result of Defendant's conduct within this District and because Defendant does business within this District.

4. Venue is proper in this this District pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is in the Southern District of Ohio and because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred, including because this District is where Plaintiff was employed by and worked for Defendant.

## II. THE PARTIES

### Plaintiff

5. Plaintiff is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

6. Plaintiff worked for Defendant as a non-exempt driver for approximately forty (40) years until January 2021. Throughout his employment with Defendant, Plaintiff was paid a salary with no overtime compensation. Plaintiff did not receive overtime compensation for hours worked in excess of forty (40) per workweek.

### Defendant

7. Defendant is a domestic limited liability company doing business in Ohio with its principal place of business in Ross County, Ohio.

8. Defendant is a funeral home business that provides "pre-arrangements" (premortem services) and postmortem services for funerals, memorials, burials, and cremations.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. During relevant times, Defendant maintained control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

15. During relevant times, Defendant benefitted from the work performed by Plaintiff.

16. During relevant times, Defendant made employment decisions regarding its employees' employment, including but not limited to decisions about wage and hour policies and practices that affect Plaintiff.

17. At all times hereinafter mentioned, Defendant was engaged in commerce or in the production of goods for commerce.

18. Because Defendant paid a salary to Plaintiff, who is a non-exempt worker, and did not compensate Plaintiff overtime for hours worked in excess of forty (40) in a workweek, Defendant's pay policy and practice violates the FLSA and the Ohio Acts.

19. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. STATEMENT OF FACTS

20. Defendant operates a funeral home and provides funeral, memorial, burial, cremation, and related services to its customers. In order to provide these services to its customers, Defendant hires employees to perform the necessary work.

21. Defendant hired Plaintiff as a "driver." Plaintiff is not a funeral director or an embalmer, nor is he licensed to work in either of those positions. Plaintiff's primary job duties were transporting deceased persons from the place of death to Defendant's funeral home and performing general upkeep of the funeral home.

22. During Plaintiff's employment with Defendant, he was paid a salary and regularly worked in excess of forty (40) hours per workweek and averaged between 56-60 hours per workweek.

23. Plaintiff worked six (6) days per week from 8:30 a.m. to 5:00 p.m. and every third night Plaintiff was "on call" for 24 hours from 5:00 p.m. that day to 5:00 p.m. the following day.

24. Plaintiff's "on call" time was spent predominantly for Defendant's benefit, and Plaintiff was unable to effectively use that time for personal pursuits because his "on call" time was severely restricted.

25. Specifically, prior to August 2019, Defendant required Plaintiff to stay on premises at Defendant's funeral home while he was "on call." Plaintiff was required to answer telephone calls, go on "death calls" to transport the deceased body, contact the embalmer, and engage in his regular job duties as a driver.

26. From August 2019 until his termination in January 2021, Plaintiff was permitted to stay at his residence while on call, but he was still restricted in his personal time and was required to answer calls and go on "death calls."

27. Despite regularly working more than forty (40) hours in a workweek, Defendant did not pay Plaintiff any overtime wages for the hours Plaintiff worked in excess of forty (40) in a workweek.

28. The only additional compensation Plaintiff received was $15.00 per hour when he picked up additional shifts that he was not initially scheduled to work.

29. Defendant controlled all of the significant and/or meaningful aspects of the job duties performed by Plaintiff.

30. The job functions of Plaintiff were primarily manual labor or technical in nature, requiring no college education, advanced degree, or advanced knowledge in a field of science or learning.

31. Defendant's policy of not paying Plaintiff overtime violates the FLSA and Ohio Acts because Plaintiff was an employee performing non-exempt job duties.

32. Because Plaintiff was paid a salary by Defendant, without additional compensation for hours worked in excess of forty (40) in a workweek, Plaintiff should receive one-and-one-half times his regular rate of pay for all hours that he worked in excess of forty (40) in each workweek.

**IV.   CAUSES OF ACTION**

### COUNT ONE
### (FLSA Overtime Violations)

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this claim for violation of the FLSA's overtime provisions pursuant to 29 U.S.C. § 216(b).

35. The FLSA requires that a non-exempt employee receive overtime compensation of "not less than one and one-half times" the employee's "regular rate." 29 U.S.C. § 207(a)(1).

36. Plaintiff regularly worked over 40 hours in workweeks. Despite working overtime, Defendant paid Plaintiff a salary, regardless of the number of hours he worked in a given workweek.[1]

37. Plaintiff should have been paid overtime compensation at the rate of one-and-one-half times his "regular rate" for all hours worked in excess of forty (40) per workweek.

38. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the full force and effect of law.

39. As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive overtime compensation due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles him to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### COUNT TWO
### (Ohio Overtime Violations)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

---

[1] As explained above Plaintiff was paid a flat hourly rate of $15.00 per hour when he picked up additional shifts that he was not initially scheduled to work.

41. Defendant's practice of paying Plaintiff a salary without overtime compensation when he worked over 40 hours in a workweek violates the Ohio Wage Act.

42. As a result of Defendant's practices, Plaintiff has been damaged in that he has not received overtime wages due to him pursuant to the Ohio Wage Act.

### COUNT THREE
### (OPPA Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff has been employed by Defendant.

45. During all relevant times, Defendant was an entity covered by the OPPA and Plaintiff has been employed by Defendant within the meaning of the OPPA.

46. The OPPA requires that the Defendant pay all of Plaintiff's wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

47. During relevant times, Plaintiff was not paid all wages, including, but not limited to, overtime wages at one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

48. Plaintiff's unpaid overtime remain unpaid for more than thirty (30) days beyond Defendant's regularly scheduled payday.

49. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

V. **PRAYER FOR RELIEF**

Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order awarding Plaintiff back wages that have been improperly withheld;

b.  For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back overtime wages due to Plaintiff, for liquidated damages equal in amount to the unpaid compensation found due to him, and for attorneys' fees and costs;

c.  For an Order pursuant to the Ohio Wage Act awarding Plaintiff unpaid overtime wages allowed by law;

d.  Finding Defendant failed to keep accurate records, and, as such, Plaintiff is entitled to prove his hours worked with reasonable estimates;

e.  For an Order against Defendant for liquidated damages pursuant to the OPPA as set forth in O.R.C. § 4113.15(B);

f.  For an Order awarding the costs and expenses of this action;

g.  For an Order awarding attorneys' fees;

h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.  For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        **COFFMAN LEGAL, LLC**

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman (0085586)
        Adam C. Gedling (0085256)
        Kelsie N. Hendren (100041)
        1550 Old Henderson Rd.
        Suite 126
        Columbus, Ohio 43220
        Phone: 614-949-1181
        Fax: 614-386-9964
        Email: mcoffman@mcoffmanlegal.com
              agedling@mcoffmanlegal.com
              khendren@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman